UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LECH,**

    **Plaintiff,**

                          **Civil Action 2:13-cv-518**
                          **Judge Michael H. Watson**
                          **Magistrate Judge Elizabeth P. Deavers**

**THIRD FEDERAL SAVINGS AND
LOAN ASSOCIATION OF CLEVELAND,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Stay Under Theory of Abstention. (ECF No. 6.) For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion to Stay be **DENIED**. The abstention principles announced by the Supreme Court in *Younger v. Harris* do not apply to this case. 401 U.S. 37 (1971). Instead, this Court must consider the abstention doctrine found in in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Pursuant to the *Colorado River* doctrine, abstention is not warranted because neither party has asked this Court to exercise *in rem* or *quasi in rem* jurisdiction, and so far as the Court can discern, the state-court proceeding has not progressed.

**I.**

On May 30, 2013, Plaintiff, Robert Lech, filed this action against Defendant, Third Federal Savings and Loan, seeking money damages for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* ("RESPA"), and the Truth in Lending Act,

15 U.S.C. § 1601 *et seq.* ("TILA").  (ECF No. 1.)  Specifically, Plaintiff alleges that he executed a promissory note and mortgage on September 19, 2002, for his principle dwelling in Dublin, Ohio.  Defendant was the owner, originator, and servicer of the underlying loan.  Plaintiff further alleges that he sent a "qualified written request" to Defendant on April 3, 2013, disputing various loan charges and seeking information about the loan, including a reinstatement quote and the name and contact information for the loan's master servicer.  (*Id.* at ¶ 23.)  On April 24, 2013, Defendant responded to Plaintiff's April 3 letter.  Plaintiff alleges that Defendant's response letter included a reinstatement quote but failed to provide all of the requested information, including information about the master servicer and how the reinstatement quote was calculated.  The response also allegedly failed to indicate that Defendant investigated the concerns Plaintiff raised in his April 3 letter, failed to make corrections to Plaintiff's loan account, and failed clarify Defendant's position with regard to Plaintiff's account.  Plaintiff alleges that these deficiencies run afoul of RSPA and TILA.  He seeks actual and statutory money damages plus attorney's fees and costs.

On June 17, 2013, Defendant filed a foreclosure action in Delaware County Common Pleas Court in Delaware County, Ohio, against Plaintiff and others.  *Third Fed. Savings and Loan Ass'n of Cleve. v. Lech, et al.,* No. 13-CVE-060521 (Delaware Cty. C.P. Ct.).[1]  In that foreclosure action, Plaintiff filed an answer and asserted counterclaims identical to the RESPA and TILA claims he asserts in this action.  Although the parties have failed to inform this Court of the status of the state-court action, the Delaware County Court of Common Pleas docket

---

[1] Defendant also filed a foreclosure action against Plaintiff in an Ohio state court in 2011. *Third Federal Savings and Loan Ass'n of Cleve. v. Lech, et al.,* No. 11-CVE-010122 (Delaware Cty. C.P. Ct.) (filed January 25, 2011). Defendant asserts that the 2011 case proceeded to judgment but that both parties moved to vacate on appeal.  Plaintiff did not raise the TILA and RESPA claims at issue in this case in the 2011 action as those claims did not arise until the Spring of 2013.

indicates that there have been no additional filings since Plaintiff's answer and counterclaims in that action.[2]

Defendant moves this Court to stay this action on the basis of the *Younger* abstention doctrine. Plaintiff opposes Defendant's Motion. The Undersigned finds that *Younger* is inapplicable, and based on the information before the Court at this juncture, finds that abstention under *Colorado River* is unwarranted.

## II.

### A.    The *Younger* Abstention Doctrine is Inapplicable

The Unites States Supreme Court recently restated its *Younger* jurisprudence, reiterating that *Younger* abstention is warranted only in "exceptional circumstances." *Sprint Commc'n, Inc. v. Jacobs,* __ S.Ct. __, 2013 WL 6410850, at *6 (Dec. 10, 2013) (citing *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)). Such circumstances exist in only three types of cases. *Id.* First, *Younger* precludes federal intrusion into ongoing state criminal prosecutions. *Id.* Second, abstention is warranted when a civil enforcement proceeding in state court is akin to a criminal prosecution in certain respects. *Id.* at *6–7. Finally, federal courts should refrain from interfering with civil proceedings involving a state court's ability to perform its judicial function. *Id.*

This case does not fall into any of those three categories. The first and second categories are inapplicable because the foreclosure case is a civil, not criminal, proceeding. Nor does the state foreclosure case resemble a criminal prosecution in any respect. Civil enforcement proceedings that are akin to criminal prosecutions typically involve a state actor initiating a suit

---

[2]The Court properly takes judicial notice of the Delaware County Court docket. State-court proceedings, which are a matter of public record, meet the criteria found in Rule 201(b) of The Federal Rules of Evidence. Fed. R. Evid. 201. Consequently, pursuant to Rule 201(c), the Court may take judicial notice of the state-court proceedings. *Id.*

against a federal plaintiff in state court in order to sanction the federal plaintiff in some manner. *Id.* at *7.  *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 433–34 (1982) (state-initiated disciplinary action against lawyer for violation of state ethics rules akin to criminal prosecution); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619 (1986) (state-initiated administrative proceedings to enforce state civil rights laws akin to a criminal prosecution).  Here, the state-court action is a garden variety foreclosure case between private parties to a promissory note.  No state actor is involved, and no formal sanctions are sought against this Plaintiff in that matter.

In their briefings, the parties devote considerable attention to the Supreme Court's decision in *Middlesex*, asserting that it holds that *Younger* abstention is required whenever three conditions are met: (1) there are on-going state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the state proceedings offer an adequate opportunity to raise constitutional challenges.  (Def.'s Mot. 4, ECF No. 6; Pl.'s Mem. in Opp. 3, ECF No. 9.)  But as the Supreme Court recently clarified, *Middlesex* was an action brought by a lawyer in federal court to challenge a New Jersey ethics committee investigation against him.  *Sprint,* 2013 WL 6410850 at *8.  That investigation constituted a quasi-criminal enforcement proceeding that fell squarely within the second category of cases that warrant *Younger* abstention.  *Id.* at *8–9.  The three conditions in *Middlesex* were not dispositive and were merely additional factors considered by the Court.  *Id.*  The factors did not expand *Younger*'s reach beyond the three existing categories.  *Id.*

Lastly, this case does not fall into the third category where *Younger* is applicable because going forward in this matter will not interfere with the Ohio court's ability to perform its judicial function.  Cases falling into the third category often involve a state court's attempt to effectuate

its orders. *See, e.g.*, *Judice v. Vail*, 430 U.S. 327, 335–36 (1977) (civil contempt order). Moreover, those cases involve a federal plaintiff asking a federal court to enjoin a state proceeding. *See Devlin v. Kalm,* 594 F.3d 893, 894–95 (6th Cir. 2010). Here, Plaintiff does not seek to enjoin the state-court foreclosure proceedings. Accordingly, because this federal action will not interfere with the state proceeding, *Younger* abstention is unwarranted.

Nonetheless, the United States Court of Appeals for the Sixth Circuit has instructed that even where *Younger* abstention is unwarranted, the *Colorado River* abstention doctrine may address issues arising from parallel proceedings in state and federal courts. *Leatherworks P'ship v. Boccia*, 246 F. A'ppx 311, 317–18 (6th Cir. 2007). Therefore, even though Defendant did not raise the *Colorado River* abstention doctrine, the Undersigned finds it appropriate to apply those principles to Defendant's request to stay. Having done so, the Undersigned finds that they are unavailing.

**B.     Abstention Under *Colorado River* is Not Appropriate**

Under *Colorado River*, abstention is permissible in "exceptional circumstances" and only when: (1) there is "parallel" litigation pending in state and federal courts, and (2) the proposed litigation in federal court would be duplicative or unwise. 424 U.S. at 817–18; *Bates v. Van Buren Twp.,* 122 F. A'ppx 803, 806–07 (6th Cir. 2004). The threshold question in *Colorado River* abstention is whether there is a parallel proceeding in state court. *Id.* at 806. The state-court proceeding need not be identical to the federal case, merely "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). The parties to the state-court action need not be identical to the parties in the federal case. *Bates,* 122 F. A'ppx at 806 (citing *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990)).

In the state foreclosure case, Defendant seeks to enforce a note and mortgage. In this

case, Plaintiff asserts the same TILA and RSPA claims that he brings as counterclaims in that state foreclosure action. The parties to this suit are also parties to the state-court foreclosure action. *Id.* Under these circumstances, the Undersigned concludes that the state foreclosure action and this case are clearly parallel proceedings. *See Blake v. Wells Fargo Bank,* 917 F.Supp. 2d 732, 737 (S.D. Ohio 2013) (finding a federal TILA suit to be parallel to foreclosure action brought in state court for purposes of *Colorado River* abstention where a federal plaintiff asserted the same TILA claims in both courts).

Having established that a parallel case is proceeding in the state court, the Court must next examine whether judicial economy warrants abstention. In making this determination, the Court considers the following factors: (1) whether the state court has assumed jurisdiction over the same *res* or property at issue in the federal litigation; (2) whether the federal forum is less convenient; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect a federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction. *See Romine,* 160 F.3d at 340–41 (citations omitted). These factors are not a "mechanical checklist," but rather considerations that the Court must carefully balance as they apply in a given case. *Id.* at 341. That balance is nevertheless performed on a scale heavily weighted in favor of retaining jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15–16 (1983).

In light of the information currently available to the Court, the balance ultimately weighs in favor of retaining jurisdiction. The first factor is whether the state court has assumed jurisdiction over *res* or property. When analyzing the first factor, a federal court must generally decline jurisdiction over an *in rem* or quasi *in rem* action involving a *res* already subject to a

6

state court's *in rem* jurisdiction. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (noting that when *two suits* are *in rem*, or *quasi in rem*, the first court to obtain jurisdiction retains jurisdiction) (emphasis added); *see also United States v. Fairway Capital Corp.,* 483 F.3d 34, 40 n.2 (1st Cir. 2007) (treating the *Princess Lida* doctrine as part of the first factor of a *Colorado River* abstention analysis).  Here, the state court has assumed *quasi in rem* jurisdiction over property subject to a mortgage securing Plaintiff's obligations.  The action in this Court, however, is not *in rem* or *quasi in rem*; it proceeds *in personum*.  Plaintiff's statutory claims for purely money damages under RESPA and TILA do not implicate the property in the foreclosure action.  Accordingly, the state court did not take *quasi in rem* jurisdiction over the *res* before this Court had occasion to do so.  Rather, this Court has never been asked to exercise *in rem* or *quasi in rem* jurisdiction by either party.  The first factor, therefore, does not weigh in favor of abstention. *Markham v. Allen*, 326 U.S. 490, 494–95 (1946) (finding abstention unwarranted where state court assumed control of estate in a probate proceeding and federal *in personum* action did not interfere with those proceedings or the estate); *Bergeron v. Loeb*, 777 F.2d 792, 798–99 (1st Cir. 1985) (finding abstention unwarranted where state court assumed *in rem* jurisdiction over a trust *res* but federal case was *in personum*); *see also Rowland Novus Fin. Corp.,* 949 F.Supp. 1447, 1457 (D. Hawaii 1996) (finding first factor would not weigh in favor of abstention because, in part, state foreclosure case was *in rem* and federal plaintiff's TILA action was not); *Britton v. Britton*, 223 F. Supp.2d 276, 284 (D. Me. 2002) (finding first factor would not weigh in favor of abstention because, in part, state-court divorce and dissolution proceeding was *in rem* and plaintiff's federal statutory action for money damages was not); *cf. Carson v. Wells Fargo Bank*, No. 8:10-cv-2362, 2011 WL 2470099, at *6 (M.D. Fla. June 20, 2011) (finding first factor weighed in favor of abstention because even though state foreclosure

7

case was *in rem* and federal plaintiff's TILA claims were *in personum*, federal defendant intended to add counterclaims to federal case that would make the federal case *in rem*).

Nor do the remaining factors, taken in their totality, weigh in favor of abstention. This Court and the Delaware County court are geographically close, making both fora convenient for the parties such that this factor weighs against abstention. *See Romine,* 160 F.3d at 341. On the other hand, there is a risk that proceeding here will result in piecemeal litigation and inconsistent rulings. That is, going forward here allows Plaintiff to engage in serial prosecution of his federal statutory claims for money damages. But unlike the statute at issue in *Colorado River*, the law provides no "clear federal policy" against piecemeal litigation that mandates giving this factor greater consideration given the procedural posture of these two cases. *See* 424 U.S. at 819. This action was filed first, and discovery is ongoing. In contrast, as far as this Court is aware, the foreclosure case has not progressed past the initial pleadings. *See Moses H. Cone,* 460 U.S. at 21 (stating that the jurisdictional order analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). Lastly, although the state court possesses concurrent jurisdiction over Plaintiff's TILA and RESPA claims and can adequately protect the rights of all parties, Plaintiff's claims involve federal statutes and do not raise complex questions of state law that might be better left to the state court.

Recently, in *Blake*, this Court arrived at the opposite conclusion and abstained from proceeding with a plaintiff's TILA claims after an Ohio court obtained jurisdiction over the plaintiff's resident property in a state foreclosure action. *Blake*, 917 F. Supp.2d at 737. There, the Court found that the first factor favored abstention. *Id.* But that federal plaintiff, unlike Plaintiff here, sought rescission of the note and mortgage, which could arguably undermine the

8

state court's foreclosure proceeding. *Id.* at 735. *But see Rowland*, 949 F.Supp. at 1457 (finding that the first *Colorado River* factor weighed against abstention because state foreclosure action was *in rem* while federal plaintiff's TILA claims were *in personum,* even though federal plaintiff sought rescission). Moreover, other factors tipped the balance in *Blake*: proceeding in federal court posed a substantial risk of inconsistent results relating to the ownership of the property at issue in the state foreclosure action; the state foreclosure action was filed three months prior to the federal case; discovery in the state foreclosure case had proceeded; and dispositive motions in the state foreclosure case were due in a mere thirty days. *Id.* at 737–38. Thus, *Blake,* which presents a different and distinguishable set of circumstances, does not persuade the Undersigned to alter the findings set forth above.

In sum, abstention is not warranted under *Younger* or the *Colorado River* doctrine. This case does not fit within the three categories of cases to which *Younger* applies. Moreover, based on the information currently available, the record contains no facts that convince the Undersigned that this Court should abdicate its virtually unflagging duty to exercise jurisdiction granted to it. The Undersigned notes, however, that the parties only briefed the propriety of abstention pursuant to *Younger*. If there is additional information this Court should consider when determining if abstention is warranted under the *Colorado River* doctrine, Defendant should file a renewed Motion to Abstain setting forth facts relevant to that analysis.

### III.

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion to Stay Under Theory of Abstention be **DENIED** without prejudice and with permission to file a renewed Motion to Abstain if facts are available that demonstrate abstention is warranted under the *Colorado River* doctrine. (ECF No. 6).

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  December 27, 2013                                    /s/ *Elizabeth A. Preston Deavers*
                                                                               Elizabeth A. Preston Deavers
                                                                               United States Magistrate Judge